1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                        FOR THE DISTRICT OF ARIZONA

7

8   United States of America,          )    CR 07-0616-TUC–JMR(HCE)
                                        )
9              Plaintiff,               )    **REPORT AND RECOMMENDATION**
                                        )
10  vs.                                 )
                                        )
11                                      )
    Brill Francisco Antone,             )
12                                      )
               Defendant.               )
13                                      )
                                        )
14  _____ )

15

16          On March 17, 2010, upon consent of Defendant, this matter came on for evidentiary

17  hearing on a Petition to Revoke Supervised Release (Doc. No. 30) (hereinafter "Pet. at p. _").

18  Probation Officer Ms. Adria Santa Ana (hereinafter "PO Santa Anna") testified (hereinafter

19  "Santa Anna at p. _") for the Government. Defendant testified (hereinafter "Def. at p, _") on

    his own behalf.
20
            Transcript of the March 17, 2010 evidentiary hearing was ordered by the Magistrate
21
    Judge, filed on March 31, 2010 (Doc. No. 48), and is forwarded to the District Court for
22
    review.
23
            Three exhibits were admitted into evidence: (1) Government Exhibit 1: Judgment and
24
    Commitment Order with Conditions of Supervised Release (hereinafter Gov. Exh. 1 at p. _");
25
    (2) Government Exhibit 2: Clarification of Sex Offender Supervision Conditions (hereinafter
26
    Gov. Exh. 2 at p. _"); (3) Government Exhibit 3: Casa Grande Police Department Traffic
27
    Ticket and Complaint (hereinafter Gov. Exh. 3 at p. _").
28

1    After consideration of testimony presented, exhibits admitted into evidence and

2    argument of  respective counsel, the Magistrate Judge recommends that the District Court

3    find  that Defendant violated his conditions of release.

4    **I. PROCEDURAL BACKGROUND**

5        **A. Prior Convictions**

6        Defendant was convicted and sentenced on August 12, 1998 for Sexual Conduct With

7    a Minor in violation of 18 U.S.C. §§1153 and 2243(a), in CR 98-00129-001-TUC-FRZ. The

8    victims in Defendant's case were two females, age nine and eleven years respectively. (Santa

9    Anna at p. 15). Defendant was committed to the Bureau of Prisons for a term of 12 months

10   and 1 day incarceration followed by 36 months of supervised release. (*See* CR 07-006160–1-

11   TUC-JMR Pre-sentence Report, Paragraph 29). Supervised release commenced on October

12   7, 2008. (*Id.*). Supervised release was revoked on September 10, 2001 based upon Defendant

13   having had contact with minors. (*Id.*).

14       On November 27, 2007, Defendant was convicted and sentenced for Failure To

15   Register as a Convicted Sex Offender in violation of 18 U.S.C. §2250(a) and 42 U.S.C.

16   §§16911 and 16913 in the instant offense. Defendant was committed to the Bureau of Prisons

17   for a term of 16 months followed by 36 months of supervised release. (Gov. Exh. 1).

18   Supervised release commenced on June 30, 2008. (Pet. at p. 1).

19       **B. Conditions of Supervised Release and Petition to Revoke Allegations**

20       As part of Defendant's supervised release, Defendant was ordered to comply with

21   Standard Condition 13, which states:

22       You shall immediately notify the probation officer (within forty-eight (48)
         hours if during a weekend or on a holiday) of being arrested or questioned by
23       a law enforcement officer.

24   (Gov. Exh. 1 at p. 2). The Petition to Revoke Supervised Release alleges in Allegation A that

25   Defendant violated Standard Condition No. 13 in that:

26       On or about November 18, 2009, Casa Grande Police cited Antone for driving
         on a suspended license, no identification, no insurance, and speeding. He
27       failed to report this contact.

28   (Doc. No. 30).

1     Defendant was ordered to comply with Special Condition 7, which states:

2        You shall not be in the company of or have contact with children under the age
         of 18 without prior approval of the probation officer. Contact includes, but is
3        not limited to letters, communication devices, audio or visual devices, visits,
         or communication through a third party. You shall immediately report any
4        contact to the probation officer.

5     (Gov. Exh. 1 at p. 3). PO Adria Santa Anna, as Defendant's supervising probation officer,

6     also explained to Defendant, with more specificity, what contact with minor children

7     constituted. (Santa Anna at p. 10). Defendant initialed and signed a Clarification of Sex

8     Offender Supervision Conditions form indicating he understood what contact with children

9     meant. (*Id.* at pp. 11-12). Those special conditions of supervised release state in pertinent

10    part:

11        4. If you find yourself in the same location (such as a house, or yard) as a child
          - YOU MUST LEAVE.
12        5. You must make every effort to visit public places at times when minors are
          least likely to be present. If you are at a public place, and YOU do everything
13        to avoid contact with children, but a child still has contact with you, DO NOT
          start a conversation. YOU should tell the child nicely you have to move or
14        leave. DO NOT make it the child's responsibility to leave the area - IT IS
          YOUR RESPONSIBILITY!
15        6.It is YOUR responsibility to avoid contact with children, or place yourself
          in situations which can cause harm to a child. In counseling you will learn how
16        to behave around children and protect them and yourself. WHEN IN DOUBT,
          STOP CONTACT - LEAVE, THEN CALL YOUR PROBATION OFFICER
17        AND COUNSELOR TO TALK ABOUT THE CONTACT.
          ...
18
      (Gov. Exh. 2 at p. 2)(emphasis in original). The Petition to Revoke Supervised Release
19
      alleges in Allegation B that Defendant violated Special Condition No. 7 in that:
20
21        On or about January 2, 2010, Antone had contact with a minor female. He did
          not have permission to associate with this child.

22    (Doc. No 30).

23    **II. FACTUAL BACKGROUND**

24       **A. Contact With Law Enforcement**

25       All convicted federal offender names are placed in the national crime computer and

26    when law enforcement has contact with such federal offender, the federal offender's name

27    is entered into the national crime computer which gives notice to a supervised release

28    supervisor that there has been law enforcement contact. (Santa Anna at p. 17). On

1  Wednesday November 18, 2009 at 4:12 p.m., Defendant was cited for driving on a suspended

2  license, failure to provide identification, no vehicle insurance, and speeding. (Gov. Exh. 3).

3  Thus, PO Santa Anna received notice that Defendant had contact with a Casa Grande Police

4  officer on November 18, 2009. (Santa Anna at pp. 17-18). She requested a copy of the traffic

5  ticket and complaint from the Casa Grande Police Department, which was faxed to her on

6  December 9, 2009. (*Id.*). She recognized the signature on the faxed ticket and complaint as

7  that of Defendant. (*Id.* at p. 18). She did not discuss this law enforcement contact with

8  Defendant because she had difficulty finding Defendant at his residence. (*Id.*).

9      Defendant agrees that he signed the traffic ticket and complaint and did not contact

10  PO Santa Anna as required as a condition of his supervised release. (Def. at pp. 46-47).

11      **B. Contact With A Minor Child**

12      On Saturday January 2, 2010, PO Santa Anna was driving east on St. Marys Road

13  approaching Interstate 10. (Santa Anna at pp. 14, 20). She observed Defendant seated next

14  to a child at a bus stop bench west of Interstate 10 on St. Marys Road. (*Id.* at p. 14). She

15  continued under and past Interstate 10, turned back to travel west on St. Marys Road,

16  traveled past Defendant's location to a Furr's Cafeteria to turn back to travel east to

17  Defendant's location. (*Id.* at pp. 20-21). She drove to a Burger King parking lot immediately

18  behind the bus stop bench where Defendant sat. (*Id.* at pp. 15, 21). PO Santa Anna's total

19  travel time was approximately 10 minutes. (*Id.* at p. 34).

20      PO Santa Anna observed Defendant from 10 feet away, for 10 to 15 minutes, while

21  he sat and conversed with a 4 to 5 year-old female and a woman at the bus stop bench. (*Id.*

22  at pp. 15, 21). PO Santa Anna presumed the woman was  the child's mother. (*Id.* at p. 14).

23  The child was seated between Defendant and the woman. (*Id.* at p. 15). PO Santa Anna did

24  not know the topic of conversation between Defendant and the child. (*Id.* at p. 23). She does

25  not know if Defendant was trying to discourage the child from having conversation with him.

26  (*Id.* at p. 25). During this time Defendant sat approximately eight inches away from the child.

27  (*Id.* at p. 22). PO Santa Anna then went up to Defendant, who stood up from the bus stop

28  bench, and asked him who he was with. (*Id.* at p. 16). Defendant introduced the woman as

1 Annette Manuel. (*Id.*). PO Santa Anna ordered Defendant to leave the bus stop and go to

2 another bus stop east of that location. (*Id.* at pp. 16, 26). Ms. Manuel was angered that

3 Defendant was ordered to leave. (*Id.* at pp. 29, 32).

4         Defendant  testified that, prior to encountering Ms. Manuel and the child, he had

5 gotten off the bus and walked looking for a place to get something to eat. (Def. at p. 39).

6 When he arrived at the bus stop in front of the Burger King, Ms Manuel was already there.

7 (*Id.*). He did not know that Ms. Manuel would be at the bus stop bench. (*Id.* at p. 43). Ms.

8 Manuel is Defendant's cousin and he has known her since childhood, but has not seen her

9 in 12 or 13 years and was unaware that she had a daughter. (*Id.* at pp. 39, 49). Defendant

10 inquired of Ms. Manuel how her various family members were doing. (*Id.* at p. 40).

11 Defendant testified that he did not sit on the bus stop bench, but rather, stood at the end of

12 the bench talking to Ms. Manuel with the child in- between them. (*Id.* at pp. 40-41, 44).

13 Defendant testified that he had no conversation with the child. (*Id.* at p. 41).

14         Defendant, through counsel in cross-examination of PO Santa Anna, established that:

15 (1) Defendant did not touch the child (Santa Anna at pp. 22-23); (2) Ms. Manuel did not

16 report to PO Santa Anna that Defendant was acting inappropriately around the child (*Id.* at

17 p. 29); and (3) PO Santa Anna saw no harm caused to the child (*Id.* at p. 30).

18         A total of 20 minutes elapsed from when PO Santa Anna first observed defendant at

19 the bus stop to the moment she approached Defendant. (Santa Anna at p. 35). Defendant

20 testified that he was at the bus stop bench for 10 to 15 minutes. (Def. at p. 48).

21 **III. ANALYSIS**

22         **A. Allegation A: Failure to Notify Regarding Law Enforcement Contact**

23         Defendant had contact with a Casa Grande police officer on November 18, 2009 at

24 4:12. p.m. Defendant concedes that he did not immediately notify his probation officer, Ms.

25 Santa Anna.  In fact, Defendant failed to notify PO Santa Anna at all about such contact.

26         **B. Allegation B: Contact with a Child Under the Age of Eighteen**

27         A district court may impose special conditions of supervised release:

28

1     to the extent that such conditions (1) are reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission.

U.S.S.G. §5D1.3(b); *see also* 18 U.S.C. §§3553(a)(2) and 3583(d)(2). Due process requires that conditions of supervised release be sufficiently clear to "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972); *United States v. Guagliardo*, 278 F.3d 868, 872 (9th Cir. 2002)("A [supervisee], ..., has a separate due process right to conditions of supervised release that are sufficiently clear to inform him of what conduct will result in his being returned to prison.").

For purposes of Defendant's supervised release, a "child" or "minor" is defined as anyone under 18 years of age. (Gov. Exh. 2 at p. 2). Requiring Defendant to avoid contact with minors under the age of 18 is reasonably related to the nature and circumstances of the offense and the history and characteristics of Defendant, in light of his prior conviction for Sexual Conduct with a Minor in CR 98-0129-001-TUC-FRZ; a revocation of supervised release in that matter for having contact with minors; and the instant conviction for Failure to Register as a Convicted Sex Offender. The over-arching goal sought to be achieved in Defendant's supervision is that he avoid or remove himself from circumstances where he might have contact with minor children: (1) if Defendant is in the same location as a child, he must leave; (2) if Defendant is in a public place, he must do everything to avoid contact with a child; (3) it is Defendant's responsibility to avoid contact with children; and (4) if Defendant has any doubt as to what his responsibilities are, he must stop contact and leave. (*Id.*). "Contact" is not limited to interaction with a child or minor and includes being in the prolonged presence of a child.

Defendant's special conditions of supervised release are clear and absolute: no contact with minors. Defendant opines that his initial contact with Ms. Manuel's daughter was

1  incidental or inadvertent and not a violation of his supervised release as evidenced by the

2  fact that during 20 minutes the child was not touched or harmed in any way while in his

3  presence and that he allegedly did not converse with her. To so construct would render the

4  "no contact with minors" condition a  nullity. It would give Defendant complete sway to

5  determine for himself when and under what circumstances violative contact occurs.

6  Defendant's special conditions of supervised release are designed to protect children by

7  requiring Defendant to extricate himself after threshold contact with children to insure that

8  it will not lead to their future harm.

9      Defendant's initial contact may have been incidental or inadvertent contact but it was

10  not perpetually static and is belied by the facts that followed. By chance, PO Santa Anna

11  spotted Defendant seated next to and conversing with a minor child at a bus stop bench on

12  a Saturday. Approximately 10 minutes elapsed from when  PO Santa Anna first observed

13  Defendant to when she parked her vehicle. During that time Defendant remained in the

14  company of Ms. Manuel and her daughter at the bus stop bench. After she parked her vehicle,

15  PO Santa Anna observed Defendant for another 10 to 15 minutes seated next to the minor

16  child conversing with the minor child and her mother. Neither Defendant's observed actions

17  nor his own testimony remotely suggests that he sought to extricate himself from the same

18  location as the child, i.e., leave, and thus his contact with the child was not fleeting and

19  transitory.

20      If [Defendant's] failure to leave triggers a supervised release violation, it
   follows that he may avoid a violation by extricating himself from situations in
21      which inadvertent contact with minors occurs.

22  *United States v. Johnson*, 446 F.3d 272, 281 (2ⁿᵈ Cir. 2006). It was only PO Santa Anna

23  confronting and ordering Defendant to go to another location that prompted him  to leave.

24  **IV. CONCLUSION**

25      Defendant found himself in the same location as a minor child but did not leave. (Gov.

26  Exh.2 at p. 2). Defendant was in a public location with a minor child present but did not do

27  everything he could to avoid contact with the minor child. (*Id.*). Defendant did not assume

28  responsibility to avoid contact with the minor child by leaving. (*Id.*). Defendant was

apparently not in doubt regarding his contact with the child for he was in no hurry to leave.

Based upon the aforesaid, the Court FINDS by a preponderance of the evidence that Defendant violated Standard Condition No. 13 in that Defendant failed to immediately notify his probation officer of having been questioned and cited for traffic violations by a law enforcement officer on November 18, 2009. Furthermore, Defendant violated Special Condition No. 7 in that Defendant had contact with a minor female on January 2, 2010 and did not have permission to associate with this child.

## V. RECOMMENDATION

Upon review of the entire record in this matter, the Magistrate Judge recommends that the District Court find by a preponderance of the evidence that Defendant did violate Standard Condition No. 13 (Allegation A) in that he failed to immediately notify his probation officer of law enforcement contact. Moreover, Defendant did violate Special Condition No. 7 (Allegation B) in that he had contact with a minor female and did not have permission to associate with this child.

Pursuant to 28 U.S.C. §636(b) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. If objections are filed, parties should use the following case number: **CR 07-0616-001-TUC-JMR**.

Failure to file objections in accordance with Fed.R.Crim.P. 59 will result in waiver of the right to review.

DATED this 12th day of April, 2010.


_____
Héctor C. Estrada
United States Magistrate Judge

- 8 -